# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00526-CV

**Truck Insurance Exchange, Appellant**

**v.**

**Mid-Continent Casualty Company, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-08-002627, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

I join in the majority's opinion except for its holding that appellant Truck Insurance Exchange's contribution claim against appellee Mid-Continent Casualty Company is barred by res judicata arising from Mid-Continent's prior federal court judgment. However, I agree with the majority that the district court's summary judgment as to this claim should be affirmed based on Mid-Continent's alternative ground that the "other insurance" clauses in the Truck and Mid-Continent policies negate a right of contribution on the part of Truck against Mid-Continent. *See Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 772 (Tex. 2007); *Employers Cas. Co. v. Transport Ins. Co.*, 444 S.W.2d 606, 609 (Tex. 1969); *Traders & Gen. Ins. Co. v. Hicks Rubber Co.*, 169 S.W.2d 142, 147 (Tex. 1943). Although the Fifth Circuit has recently concluded that other-insurance clauses apply only to the duty to indemnify and not to the duty to defend, and thus do not bar a contribution claim for defense costs, *see Trinity Universal Ins. Co.*

*v. Employers Mut. Cas. Co.*, 592 F.3d 687, 694 (5th Cir. 2010), the controlling Texas Supreme Court precedents that bind this Court appear to give effect to other-insurance clauses with respect to both indemnity and defense costs, *see Employers*, 444 S.W.2d at 607 ("[T]he claim here is for a pro rata part of the sums paid in settlement of the suit against the insured and as expenses in defending the suit."); *Hicks*, 169 S.W.2d at 597 ("When [one insurer] refused to further assist in the defense of the . . . suit, [the other co-insurer] shouldered the entire burden, including the appeals . . . . In so doing it paid out more than two-thirds of the costs and expenses incurred."). Relying on these precedents unless and until the supreme court tells us otherwise, I agree with the majority that Truck's contribution claim for defense costs is barred as a matter of law.

Accordingly, I join in the judgment and, with these qualifications, the majority's opinion.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Filed:   August 27, 2010

2